UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEVON TERRELL ABNEY,

                Plaintiff,        Civil Action No. 22-11176

v.                                      Judith E. Levy
                                        United States District Judge

CITY OF DETROIT POLICE        David R. Grand
DEPARTMENT, *et al.*,             United States Magistrate Judge

                Defendants.
_____/

## REPORT AND RECOMMENDATION TO GRANT DEFENDANT CITY OF DETROIT POLICE DEPARTMENT'S MOTION FOR SUMMARY JUDGMENT IN LIEU OF ANSWER TO COMPLAINT (ECF No. 6)

*Pro se* plaintiff Devon Terrell Abney ("Abney") brings this civil rights action pursuant to 42 U.S.C. § 1983 against the City of Detroit Police Department (the "Police Department") and two of its officers, Alaa Ali and an unnamed "Shift Partner" John Doe (the "Police Officers"), principally alleging Fourth and Fourteenth Amendment violations arising out of a traffic stop that occurred while he was riding his bicycle. (ECF No. 1). This case was referred to the undersigned for all pretrial matters pursuant to 28 U.S.C. § 636(b). (ECF No. 8).

On July 20, 2022, defendant Police Department filed a Motion for Summary Judgment in Lieu of Answer to Complaint (ECF No. 6), and Abney filed a response on August 3, 2022 (ECF No. 9).

**I.     RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the Police Department's Motion for Summary Judgment **(ECF No. 6)** be **GRANTED.**

**II.    REPORT**

    **A.    Background**

In his complaint (and accompanying addendum), Abney alleges that, while he was bicycling on the public roadways traveling "east bound on Temple Ave between Second Ave and Third Ave" in the city of Detroit at approximately 11:15 p.m. on May 21, 2019, defendant Police Officers engaged in an "attempt[ed] physical assault[]" by driving their police car "directly into [his] clear pathway of physical safety." (ECF No. 1, PageID.5-6). He alleges that the Police Officers used their police car "as a physical weapon and intentionally [] attempted physical assault[] with the intent to do great bodily harm and physically injur[e]" him by attempting "to strike [his] physical person" with their vehicle. (*Id.*, PageID.7). In response, Abney "u-turned his bicycle" and "headed west bound Temple Ave" to "avoid[] physical collision" with the police car. (ECF No. 3, PageID.29). When the Police Officers yelled, "What the hell are you doing," Abney responded that he was attempting to avoid a collision. (*Id.*, PageID.28). The Police Officers then "pursued" Abney "without a reasonable [suspicion that] a crime was afoot" and again used their police car as a "weapon" to "cut directly in front of [Abney's] safe pathway on public roadway / public highways." (*Id.*, PageID.29-30). The Police Officers then exited the vehicle, asked for Abney's personal identification, asked Abney to place his hands behind his back, and then proceeded to handcuff and search him. (*Id.*, PageID.32-33). During the search, one

of the officers also "secretly unzipped [Abney's backpack]," which "he was wearing attached to [his] back." (*Id.*, PageID.34).

Based on the foregoing allegations, Abney asserts claims against the Police Officers for, among others, violations of his Fourteenth Amendment due process rights and his rights under the Fourth Amendment to be free from unlawful search and seizure and excessive force. (ECF No. 1, PageID.9-11; ECF No. 3, PageID.31). He seeks money damages, as well as costs and fees. (ECF No. 1, PageID.12-13).

B.   Analysis

Before the Court is defendant Police Department's motion for summary judgment on Abney's claims against it. In short, the Police Department argues that it "is a municipal agency and not a municipality itself, [so] the Police Department is not a legal entity capable of being sued." (ECF No. 6, PageID.54). Thus, the Police Department argues that Abney's claims against it fail as a matter of law.

In response, Abney does not object to the Police Department's dismissal, though rather than explicitly agreeing that the Police Department is not an entity capable of being sued in its own name, Abney asks that "the Court grant Eleventh Amendment Immunity in-part to [the] City of Detroit Police Department and amend [his] complaint as to Defendants Detroit Police Officer Alaa Ali, **an individual**, Detroit Police Officer Shift Partner John Doe, **an individual**."[1] (ECF No. 9, PageID.69 (emphasis added); *see also*

---

[1] Abney seems to misunderstand the Eleventh Amendment immunity doctrine. The United States Supreme Court has long held that, unless the state has waived its immunity and consented to suit or Congress has abrogated that immunity, the Eleventh Amendment bars suits against *a state* in federal court. *See Hans v. Louisiana*, 134 U.S. 1, 10 (1890); *Seminole Tribe v. Florida*, 517 U.S.

3

ECF No. 9-1, PageID.76 ("For the reasons discussed above, Plaintiff Abney ... respectfully requests that the Court grant Eleventh Amendment immunity in-part to City of Detroit Police Department claim . . .").

Here, it is well settled that "the City of Detroit Police Department is not a legal entity against which a suit can be directed." *Pierzynowski v. Police Dep't City of Detroit*, 941 F. Supp. 633, 637 n.4 (E.D. Mich. 1996); *see also Haverstick Enterprises, Inc. v. Fin. Fed. Credit, Inc.*, 803 F. Supp. 1251, 1256 (E.D. Mich. 1992) ("This case must be dismissed against the City of Romulus Police Department because the police department is not a legal entity against whom a suit can be directed."). Rather, "the City of Detroit Police Department is merely a creature of the City of Detroit and therefore the City of Detroit [would be] the proper defendant in this case." *Pierzynowski*, 941 F. Supp. at 637 n.4.

But to interpret Abney as attempting to assert a claim against the City of Detroit rather than the Detroit Police Department would be a moot point. Under § 1983, "local

---

44, 54 (1996) (reaffirming *Hans*). This immunity is extended to state officials sued in their official capacity for monetary damages since the action, in essence, is one for recovery of money from the state. *See Edelman v. Jordan*, 415 U.S. 651, 663 (1974). § 1983 does not abrogate Eleventh Amendment immunity. *See Quern v. Jordan*, 440 U.S. 332, 343 (1979). Thus, a § 1983 claim for monetary relief against a state official sued in her official capacity is barred by the Eleventh Amendment. *See Edelman*, 415 U.S. at 663; *see also Parker v. Spangler*, No. 14-11067, 2015 WL 4756509, at *8 (E.D. Mich. Aug. 11, 2015) ("the Eleventh Amendment bars suits against university police officers in their official capacities."). As discussed below, however, *infra* at 5, this does not mean *municipalities* are protected by Eleventh Amendment immunity. Indeed, while "States are protected by Eleventh Amendment sovereign immunity, [] municipalities are not so protected." *Peterson v. Johnson*, No. 1:09-CV-225, 2011 WL 1627901, at *1 (W.D. Mich. Apr. 28, 2011), aff'd, 714 F.3d 905 (6th Cir. 2013). *See also Stanley v. Israel*, 843 F.3d 920, 924 (11th Cir. 2016) ("[T]he Eleventh Amendment does not immunize municipalities from suit."). For the reasons discussed below, however, this issue has no bearing on the merits of the Police Department's motion.

governments are responsible only for their own illegal acts." *Connick v. Thomspon*, 563 U.S. 51, 60 (2011) (internal citation and quotation marks omitted). Thus, to state a § 1983 claim against the City of Detroit, Abney would have to allege some sort of policy, practice, or custom that directly resulted in the violation of his constitutional rights. *See Monell*, 436 U.S. at 692. This is because municipal entities cannot be held liable under §1983 on a *respondeat superior* theory. *Id.* at 692. To show the existence of a municipal policy or custom that caused an alleged violation, a plaintiff can identify: (1) the municipality's legislative enactments or official policies; (2) the ratification of illegal actions by an official with final decision-making authority; (3) a policy of inadequate training or supervision; or (4) a custom of tolerance of acquiescence of federal violations. *See Burgess v. Fischer*, 735 F.3d 462, 478 (6th Cir. 2013). Here, however, Abney's complaint contains no factual allegations whatsoever regarding any alleged policy, practice or custom of the City of Detroit that resulted in the alleged constitutional violation by the Police Officers. Thus, Abney fails to state a claim for relief against the City of Detroit.

For all of the foregoing reasons, it is appropriate to dismiss the Police Department as a defendant and for the case to move forward as to Abney's claims against the two defendant Police Officers in their individual capacities only.[2]

---

[2] A claim against a police officer in his official capacity is tantamount to a claim against the municipality that employs him, and thus, the legal requirements for municipal liability described above apply to such an official capacity claim. *Bridgewater v. Harris*, No. 16-14112, 2019 WL 3289845, at *4 (E.D. Mich. July 22, 2019) ("Bridgewater sues a police officer and a fire captain in their official capacities. And that is the 'same thing as suing the municipality itself,' so Bridgewater must establish that a municipal policy played a part in his injury."). Since Abney's complaint contains no allegations regarding a municipal policy giving rise to his alleged injury, Abney has no official capacity claims against the Police Officers, and he is correct to limit his claims against them to their "individual" capacities. (ECF No. 9, PageID.69).

5

### III.     CONCLUSION

For the reasons set forth above, **IT IS RECOMMENDED** that the Police Department's motion **(ECF No. 6)** be **GRANTED**.

Dated: September 20, 2022          s/David R. Grand
Ann Arbor, Michigan          DAVID R. GRAND
         United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2).

A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 20, 2022.

                                                  s/Eddrey O. Butts
                                                  EDDREY O. BUTTS
                                                  Case Manager