UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEVON TERRELL ABNEY,

        Plaintiff,        Civil Action No. 22-11176

v.        Judith E. Levy
        United States District Judge

CITY OF DETROIT POLICE        David R. Grand
DEPARTMENT, *et al.*,        United States Magistrate Judge

        Defendants.
_____/

## REPORT AND RECOMMENDATION TO DENY DEFENDANT'S MOTION TO DISMISS (ECF No. 24)

*Pro se* plaintiff Devon Terrell Abney ("Abney") brings this civil rights action pursuant to 42 U.S.C. § 1983 against the City of Detroit Police Department (the "Police Department") and two police officers, Alaa Ali and an unnamed "Shift Partner" John Doe (the "Police Officer Defendants"), principally alleging Fourth and Fourteenth Amendment violations arising out of a traffic stop that occurred on May 21, 2019, while Abney was riding his bicycle. (ECF No. 1).

### Background

On May 23, 2022, Abney filed his complaint against the Police Department and Police Officer Defendants, alleging that his constitutional rights were violated during the May 21, 2019 incident. (ECF No. 1). On June 15, 2022, Abney paid in full the filing fee, and summonses were issued for Officer Ali and the Police Department. (ECF No. 5). On July 20, 2022, Abney filed a "certificate of service" – a "Summons and Complaint Return

of Service" in which he stated that he "personally served the summons" via "United States Postal Mail Service" on both Officer Ali and the Police Department on June 17, 2022, and June 21, 2022, respectively, at the "Detroit Police Department, 1301 Third Ave, [] MI 48226." (ECF No. 7-1, PageID.66).

That same day, on July 20, 2022, defendant Police Department filed a Motion for Summary Judgment in Lieu of Answer to Complaint, seeking dismissal of Abney's claims against it because the Police Department is a municipal agency that is not legally capable of being sued. (ECF No. 6).[1] The Police Department also represented that, "[u]pon information and belief, none of the individual defendant officers have been served." (ECF No. 6, PageID.52).[2]

On August 3, 2022, Abney filed a second "certificate of service," stating he had listed the incorrect address on his first summons for Officer Ali and that the "Current Address Information" for Officer Ali was "2875 West Grand Blvd, Detroit, Michigan 48202." (ECF No. 10, PageID.80). Attached as "Exhibit A" was a certified mail receipt of a "Second Summons" mailed to Officer Ali at the above address on "07/28/2022." (ECF No. 10, PageID.82).

However, when there still had been no indication on the docket that service of

---

[1] On December 14, 2022, the Honorable Judith E. Levy adopted this Court's Report and Recommendation to grant the Police Department's motion to dismiss. (ECF No. 14).

[2] In defendant Ali's instant motion to dismiss, counsel for Ali, who is the same counsel that earlier represented the Police Department in this case, explains that by the time Abney "served Defendant Alaa Ali with a Summons and Complaint via certified mail at the Detroit Police Department's Third Precinct located at 2875 West Grand Blvd in Detroit, Michigan on June 17 2022," officer Ali "had already retired from the Detroit Police Department" and therefore "no one . . . was authorized to accept service on his behalf." (ECF No. 24, PageID.228-29).

process had been properly effectuated on Officer Ali or unknown officer John Doe, on December 9, 2022, the Court issued an Order to Show Cause why this action should not be dismissed, without prejudice, against both Police Officer Defendants. (ECF No. 13).

On January 3, 2023, Abney filed a response to the Order to Show Cause, in which he asserted that he had shown good cause for the Court to "extend the time for service for an appropriate period" because he had diligently attempted to complete service of process on the Police Officer Defendants at their "last known business address in which event service is complete upon mailing . . ." (ECF No. 15, PageID.140-43).

Subsequently, on January 13, 2023, the Court issued an Order vacating the order to show cause and extending the time for Abney to complete service. (ECF No. 16). The Court explained that, while Abney was incorrect to suggest that merely mailing a summons and complaint to a person's purported "last known business address" was sufficient to establish service of process on that person, *see* Fed. R. Civ. P. 4(e); M.C.R. 2.105(A), (B), it had been recently advised that Abney's failure to effectuate service may have been due to the fact that Officer Ali was currently employed at a different police department, *i.e.*, the Lincoln Park Police Department. (*Id.*, PageID.150). Thus, the Court found "good cause to allow Abney a short extension of 45 days [or until February 27, 2023] to properly effectuate service on Officer Ali at the proper address above, and to otherwise identify and serve the unknown officer John Doe." (*Id.*).

On February 1, 2023, another summons was issued for defendant Ali, and, on February 10, 2023, counsel for Ali entered a notice of appearance. (ECF Nos. 17, 18). On March 21, 2023, the Court docketed a certificate of service and summons returned executed

3

as to defendant Ali.  (ECF No. 22).

On April 7, 2023, defendant Ali filed the instant motion to dismiss in lieu of an answer to the complaint, asserting that Abney's claims against him are barred by the three-year statute of limitations.  (ECF No. 24).

**Analysis**

In § 1983 cases, federal courts apply their state's statute of limitations for personal injury cases.  *Wilson v. Garcia*, 471 U.S. 261, 272 (1985).  In Michigan, the applicable statute of limitations is three years.  *Haines v. Fed. Motor Carrier Safety Admin.*, 814 F.3d 417, 430 (6th Cir. 2016).  Federal law governs the accrual date for the statute of limitations.  *Wallace v. Kato*, 549 U.S. 384, 387-88 (2007).  For claims under § 1983, "the statute of limitations period begins to run when the plaintiff knows or has reason to know that the act providing the basis of ... [the] injury has occurred."  *Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007).

As an initial matter, defendant Ali does not contest that Abney "filed" his May 23, 2022 complaint "within the three-year statute of limitations," acknowledging that the alleged incident giving rise to Abney's complaint occurred on May 21, 2019, and that "because the statute of limitations ran on a weekend . . . the [limitations] period continued to run until Monday, May 23, 2022."  (ECF No. 24, PageID.233).  Rather, Ali argues that Abney's claims are barred by the statute of limitations because Abney failed to serve him with a summons and complaint until February 2023, and "no tolling of the limitations could occur until a claim is both filed *and* served."  (*Id.*) (emphasis in original).

As support for his argument, Ali relies on "Michigan's tolling statute," MCL §

4

600.5856(1). (*Id.*, PageID.232). Specifically, Ali argues, "Michigan's tolling statute provides that the statutes of limitations are tolled '[a]t the time the complaint is filed ***and a copy of the summons and complaint are served on the defendant***.' M.C.L.A. § 600.5856(1). *See Bryant v. Tolbert*, No. 99-CV-73774-DT, 2001 WL 1218896, at *3 (E.D. Mich. Sept. 28) (2001) (Unpublished)." (*Id.*, PageID.232) (emphasis added). The problem with Ali's argument is that it relies on **an outdated version** of MCL § 600.5856. That statute was amended in 2004, and now provides, "The statute of limitations or repose are tolled . . . *[a]t the time the complaint is filed, if a copy of the summons and complaint are served on the defendant within the time set forth in the supreme court rules*." MCL § 600.5856(a) (emphasis added); *see also Robinson v. City of Pontiac,* No. 08-15279, 2012 WL 1413421, at *3 (E.D. Mich. Apr. 24, 2012). Because Ali's motion to dismiss is premised on the version of a statute that is no longer good law, it should be denied.

Moreover, as explained above, the Court previously issued an Order finding that Abney had demonstrated "good cause" to extend the time to effectuate service on defendant Ali. (*See* ECF No. 16, PageID.150). Indeed, the docket makes clear that, since the filing of his complaint on May 23, 2022, Abney diligently attempted to serve the summons and complaint on defendant Ali, and even sought an extension of time to complete the proper effectuation of service. (*See* ECF Nos. 5, 7, 10, 15, 17); *see also Robinson,* 2012 WL 1413421, at *3 (factoring whether plaintiff "made any effort to serve" defendant or "sought an extension of time for the effectuation of service" for purposes of equitable tolling).

For all the reasons above, **IT IS RECOMMENDED** that defendant Ali's motion to dismiss **(ECF No. 24)** be **DENIED**.

Dated: April 21, 2023  s/David R. Grand
Ann Arbor, Michigan  DAVID R. GRAND
United States Magistrate Judge

## **NOTICE TO THE PARTIES REGARDING OBJECTIONS**

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations set forth above. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1). Failure to timely file objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005). Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have. *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). Copies of any objections must be served upon the Magistrate Judge. *See* E.D. Mich. LR 72.1(d)(2). A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 21, 2023.

                                              s/Eddrey O. Butts
                                              EDDREY O. BUTTS
                                              Case Manager