UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEVON TERRELL ABNEY,

          Plaintiff,

v.

CITY OF DETROIT POLICE
DEPARTMENT, *et al.*,

          Defendants.
_____/

Civil Action No. 22-11176

Judith E. Levy
United States District Judge

David R. Grand
United States Magistrate Judge

## REPORT AND RECOMMENDATION TO DENY DEFENDANTS' MOTION TO DISMISS (ECF No. 43) WITHOUT PREJUDICE

*Pro se* plaintiff Devon Terrell Abney ("Abney") brings this civil rights action pursuant to 42 U.S.C. § 1983 against the City of Detroit Police Department and two of its officers, Alaa Ali and an unnamed "Shift Partner" John Doe ("Defendants"), principally alleging Fourth and Fourteenth Amendment violations arising out of a traffic stop that occurred while he was riding his bicycle. (ECF No. 1).[1]

On December 5, 2023, Defendants filed a motion to dismiss based on Abney's failure to appear for his deposition. (ECF No. 43). The Court had ordered Abney to attend his deposition in person, rejecting Abney's request that he be deposed by written questions. (ECF No. 42). The Court noticed a hearing on Defendants' motion to dismiss to be held, in person, on January 23, 2024.

---

[1] Pursuant to 28 U.S.C. § 636(b), this case has been referred to the undersigned for all pretrial matters. (ECF No. 8).

Abney appeared at that hearing, and agreed to sit for an in-person deposition. However, Abney explained that he was not comfortable giving his deposition at the City of Detroit Law Department, and despite not being required to do so, Defendants' counsel generously agreed to take Abney's deposition at the Ann Arbor federal courthouse. Abney then agreed, on the record, to appear at the United States District Court, 200 E. Liberty St., Ann Arbor, Michigan, on February 22, 2024, at 10:00 a.m., for the purpose of giving his deposition in this case.

Accordingly, Defendants shall serve Abney[2] with a Notice of Deposition reflecting the agreed-upon date, time, and place, and accommodations will be made for the deposition to be held at the courthouse. The Court reiterates the warning it gave Abney at the hearing; **his failure to appear for his deposition may result in the imposition of an appropriate sanction, up to and including the dismissal of his case.**

For all of the foregoing reasons, **IT IS RECOMMENDED** that Defendants' motion to dismiss **(ECF No. 43)** be **DENIED WITHOUT PREJUDICE**.

Dated: January 24, 2024  
Ann Arbor, Michigan

s/David R. Grand  
DAVID R. GRAND  
United States Magistrate Judge

---

[2] The Court notes that Abney objected to Defendants serving papers on him by certified mail (which they apparently have been doing due to problems they experienced with service earlier in the case), and asked that Defendants serve him by regular U.S. Mail. Abney confirmed his mailing address on the record and indicated that he has experienced no issues receiving mailings there from the Court.

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing, and to Abney via e-mail to crights.amend@gmail.com, on January 24, 2024.

                                                    s/Eddrey O. Butts
                                                    EDDREY O. BUTTS
                                                    Case Manager