UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEVON TERRELL ABNEY,

        Plaintiff,

v.

JOHN DOE,

        Defendant.
_____/

Case No. 2:22-cv-11176

Honorable Susan K. DeClercq
United States District Judge

Honorable David R. Grand
United States Magistrate Judge

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS (ECF Nos. 70; 71; 72), ADOPTING REPORT AND RECOMMENDATION (ECF No. 69), DISMISSING WITHOUT PREJUDICE PLAINTIFF'S CLAIMS AGAINST JOHN DOE DEFENDANT, AND DENYING AS MOOT PLAINTIFF'S MOTIONS (ECF Nos. 66; 68)**

This case is before the Court on Plaintiff Devon Terrell Abney's objections to the magistrate judge's report and recommendation (R&R) that his only remaining claims be dismissed without prejudice for failure to prosecute. As explained below, Plaintiff's objections will be overruled, the R&R will be adopted, and Plaintiff's only remaining claims against Defendant John Doe will be dismissed without prejudice. Additionally, Plaintiff's two outstanding motions, ECF Nos. 66; 68, will be denied as moot.

## I. BACKGROUND

In May 2022, Plaintiff filed a complaint against the City of Detroit Police Department (DPD) and two of its officers, Alaa Ali and an unnamed John Doe. ECF

No. 1. DPD was dismissed from the case in December 2022, *see* ECF No. 14, and Ali was dismissed from the case in February 2025, *see* ECF No. 65. Thus, the only remaining defendant is the John Doe officer, whom Plaintiff identified in May 2024 as Curtis Hall.  ECF No. 62 at PageID.637; *see also* ECF No. 69 at PageID.721 ("Abney represented to the Court that he was able to identify the John Doe Defendant as Officer Curtis Hall.").

But despite Plaintiff's identification of the John Doe Defendant over a year ago, Plaintiff has yet to serve Doe. Accordingly, on January 29, 2025, Magistrate Judge David R. Grand issued an Order directing Plaintiff to file proper proof of service on Doe on or before February 28, 2025. ECF No. 64. Judge Grand further cautioned Plaintiff that if he did not file such proof of service, his claims against John Doe may be dismissed for failure to prosecute. *Id.* at PageID.663.

But Plaintiff did not file any proof of service on Defendant Doe. Instead, as Judge Grand detailed, Plaintiff "filed unintelligible papers that make clear he does not intend to follow Court orders," including two motions, one of which alleges the Court's orders are void. ECF No. 69 at PageID.723; *see also* ECF Nos. 66; 68. But neither of the two motions include a proof of service upon Doe. *See* ECF Nos. 66; 68.

So, on March 19, 2025, Judge Grand issued a report recommending that the only remaining claims in Abney's complaint—those against Defendant Doe—be

dismissed without prejudice for failure to prosecute. ECF No. 69. Plaintiff timely filed objections to the R&R. ECF Nos. 70; 71; 72.

## II. LEGAL STANDARD

When a party objects to a magistrate judge's report, the court must review *de novo* those portions of it to which the party has objected. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3). To that end, the court must review at least the evidence that was before the magistrate judge. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the court may accept, reject, or modify the findings and recommendations. FED. R. CIV. P. 72(b)(3); *Peek v. Comm'r of Soc. Sec.*, 585 F. Supp. 3d 1014, 1017–18 (E.D. Mich. 2021). Moreover, the court may adopt the magistrate judge's report without specifying what it reviewed. *Abousamra v. Kijakazi*, 656 F. Supp. 3d 701, 705 (E.D. Mich. 2023) (collecting cases).

## III. ANALYSIS

This Court has reviewed Plaintiff's complaint and subsequent amendments, ECF Nos. 1; 3; 11, Judge Grand's May 2024 show-cause order, ECF No. 59, Plaintiff's response to the May 2024 show-cause order, ECF No. 62, Judge Grand's January 2025 show-cause order, ECF No. 64, Plaintiff's outstanding motions and exhibits, ECF Nos. 66; 67; 68, Judge Grand's R&R recommending dismissal for failure to prosecute, ECF No. 69, Plaintiff's objections, ECF No. 70, and all other applicable filings and law.

Having conducted this *de novo* review, this Court finds that Judge Grand's factual conclusions are reasonably correct, that he reasonably applied the correct law, and that his legal reasoning is sound. That is, there are no prejudicial clear errors in Judge Grand's findings or recommendation to dismiss Plaintiff's only remaining claims against Defendant Doe for failure to prosecute. *See* ECF No. 69.

In sum, Plaintiff's objections will be overruled and Judge Grand's R&R will be adopted. Thus, Plaintiff's only remaining claims against Defendant Doe will be dismissed without prejudice and the case will be closed. As a result, Plaintiff's pending motions, ECF Nos. 66; 68, will be denied as moot.

### IV. CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's Objections, ECF No. 70, are **OVERRULED**.

Further, it is **ORDERED** that the Report and Recommendation, ECF No. 69, is **ADOPTED**.

Further, it is **ORDERED** that Plaintiff's claims against Defendant John Doe, *see* ECF Nos. 1; 3; 11, are **DISMISSED WITHOUT PREJUDICE**.

Further, it is **ORDERED** that Plaintiff's Motion for Judgment on the Extending Time, ECF No. 66, is **DENIED AS MOOT**.

- 5 -

Further, it is **ORDERED** that Plaintiff's Motion for Grounds for Relief, ECF No. 68, is **DENIED AS MOOT**.

**This is a final order and closes the above-captioned case.**

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: May 19, 2025