UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEVON TERRELL ABNEY,

        Plaintiff,                              Case No. 2:22-cv-11176

v.                                               Honorable Susan K. DeClercq
                                                     United States District Judge
JOHN DOE,

                                                    Honorable David R. Grand
       Defendant.                         United States Magistrate Judge
_____/

**OPINION AND ORDER OVERRULING PLAINTIFF'S "OBJECTION" (ECF No. 74) AND DENYING RECONSIDERATION OF ORDER DISMISSING PLAINTIFF'S CASE (ECF No. 73)**

Plaintiff Devon Terrell Abney seeks reconsideration[1] of this Court's Order entered May 19, 2025, which, among other things, dismissed Plaintiff's last remaining claim and closed the case. But, as explained below, Plaintiff's request will be denied.

---

[1] On June 18, 2025, Abney filed a document entitled "Plaintiff Object to Order Overruling Plaintiff's Objection (ECF Nos. 70; 71; 72) and Not Adopting Report and Recommendation (ECF No. 69) Granting Without Prejudice Plaintiff's Claims Against the Defendants City of Detroit Police Department." ECF No. 74. Despite the document's title, its substance appears to be more akin to a motion for reconsideration of the Court's Order under Civil Rule 59(e) and will thus be addressed as such.

I.

In May 2022, Plaintiff filed a complaint against the City of Detroit Police Department (DPD) and two of its officers, Alaa Ali and an unnamed John Doe. ECF No. 1. Plaintiff later identified the John Doe defendant as DPD Officer Curtis Hall. *See* ECF No. 69 at PageID.721 ("Abney represented to the Court that he was able to identify the John Doe Defendant as Officer Curtis Hall."). Despite this identification in May 2024, and an Order by Magistrate Judge Grand that failure to serve the John Doe defendant by the end of February 2025 may result in his claims against that defendant being dismissed, Plaintiff failed to serve the John Doe defendant. ECF No. 73. So, in a report and recommendation (R&R) dated March 19, 2025, Magistrate Judge David Grand recommended that Plaintiff's claim be dismissed for failure to prosecute. *Id*.

II.

In its May 2025 Order, this Court reviewed Judge Grand's findings and recommendations as contained in his March R&R and determined them to be correct. ECF No. 73. This Court specifically noted that Plaintiff had been warned that his failure to serve the John Doe Defendant, whom Plaintiff had identified as Curtis Hall in May 2024, may result in his claims being dismissed for failure to prosecute. *Id*. at PageID.842. Because Plaintiff failed to provide any proof of service, and because his objections to the R&R were virtually unintelligible and ultimately

unpersuasive, this Court overruled the objections and dismissed the plaintiff's claim against the John Doe Defendant, which ended the case. *See* ECF No. 73. And because Plaintiff's claim was dismissed, the pending motions were denied as moot. *Id.*

Plaintiff's current arguments, as best could be discerned, are similarly garbled. *See* ECF No. 74. However, what is notably absent is any argument that Plaintiff ever served the John Doe Defendant. *Id*. Thus, dismissal of the claim against that defendant was proper. Moreover, Plaintiff points to no clear error of law, newly discovered evidence, or an intervening change in controlling law since this Court's May 19, 2025, order that might warrant reconsideration. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999).

For these reasons, Plaintiff's motion, ECF No. 74, will be denied.

### III.

Accordingly, it is **ORDERED** that Plaintiff's Objection to Order, ECF No. 74, is **OVERRULED** and reconsideration is **DENIED**.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: September 16, 2025